IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-79,717-02




EX PARTE FREDYS ALBERTO CERRITOS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1243158-A IN THE 262ND DISTRICT COURT
FROM HARRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance with intent to deliver and sentenced to fifteen years’ imprisonment. He did not
appeal his conviction.
            Applicant contends, among other things, that “defense counsel failed to include this case
number in the appeal” and that this case number “was accidently left out of the appeal process.” 
Trial counsel filed a sworn affidavit in a related case and stated that after being sentenced, Applicant
told her he wanted to appeal his conviction because he did not understand the English language. 
Trial counsel went on to say that she told Applicant that as an officer of the court she would not file
an appeal based on this reason. The trial court understood Applicant to be claiming that appellate
counsel was ineffective and concluded that his claim was without merit.
            Given trial counsel’s response, the trial court shall make further findings of fact and
conclusions of law and determine whether trial counsel was ineffective for failing to file notice of
appeal. Trial counsel is responsible for determining whether a defendant wishes to appeal; this
decision rests solely with the defendant. If the defendant decides to appeal, trial counsel must make
sure written notice of appeal is filed with the trial court. Counsel does not, however, have to sign
the notice of appeal and volunteer as appellate counsel. Jones v. State, 98 S.W.3d 700, 703 (Tex.
Crim. App. 2003). 
            The trial court may order trial counsel to file a second response. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings and conclusions to whether trial counsel was
ineffective. The trial court shall also make any other findings and conclusions that it deems relevant
and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: July 24, 2013
Do not publish